UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REICH ALBUM & PLUNKETT, L.L.C** | **CIVIL ACTION** |
| **VERSUS** | **NO:       06-10850** |
| **WHEAT, OPPERMAN & MEEKS, P.C** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion to Quash Deposition (doc. #14)** filed by the defendant, Wheat Opperman & Meeks, P.C. ("WOM"), seeking an order from this Court quashing a Rule 30(b)(6) deposition noticed by the plaintiff, Reich, Album & Plunkett, L.L.C. ("RAP") for May 28, 2007. RAP filed an opposition memorandum. This motion came on for expedited hearing on May 25, 2007.

### I.      Background

This lawsuit concerns events surrounding the breakup of the law firm Reich, Meeks & Treadway and the office space formerly occupied by the firm at 3850 N. Causeway Boulevard, Suite 1000, Metairie, Louisiana. Both parties dispute the facts surrounding the breakup of the firm; however what is clear is that former member Daniel Meeks is now a member of defendant law firm Wheat, Opperman & Meeks, and former member Reich is a member of plaintiff law firm Reich, Album & Plunkett.

On December 8, 2006, RAP filed a complaint against WOM alleging that WOM is trespassing on RAP's leased property at 3850 N. Causeway Boulevard. It contends that it has never

entered into an agreement with WOM to lease the space. It invoked this Court's diversity jurisdiction alleging the requisite amount is in controversy and further alleging that WOM has its registered office and principal place of business in Houston, and that RAP has its registered office and principal place of business in Louisiana. WOM answered, denying liability.

On May 22, 2007, WOM filed a motion to dismiss or stay contending that the requisite amount in controversy has not been met and thus the action should be dismissed, or alternatively, because this matter is being litigated in state court the District Court should stay the action. The motion is set for hearing before the District Court on June 6, 2007.

Also on May 22, 2007, WOM filed a motion for expedited hearing on the subject motion to quash. The Court granted the motion to expedite and held an oral hearing on the motion with counsel appearing by telephone.

## II.  Standard for Review

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." However, discovery may be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit..." FED. R. CIV. P. 26(b)(2).

The decision to enter a protective order is within the Court's discretion. *Thomas v Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders. It provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

FED. R. CIV. P. 26(c).

Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re: Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

### III.  Analysis

WOM contends that the 30(b)(6) deposition should be quashed for two reason, namely that no Rule 26(f) conference has been held and because of the pending motion to dismiss or stay. Alternatively, it seeks to modify the notice such that the deposition takes place at its corporate office in Texas. If the Court does not order that the deposition take place in Texas, it seeks to change the date of the deposition because the deposition is currently set for May 30, 2007 which is a holiday and there is no air conditioning in the building where RAP seeks to take the deposition. Finally, it contends that the notice is overbroad.

RAP contends that the parties attended a Rule 26(f) conference. It further contends that it offered other dates for the deposition, but that WOM refused to cooperate in providing dates.

#### A.  Rule 26(f)

Rule 26(d) requires that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d). Thus, in the absence of a Rule 26(f) conference, there can be no Rule 30(b)(6) deposition.

According to emails provided by RAP, on April 23, 2007, Douglas Wheat, counsel for WOM, emailed Bob Reich, counsel for RAP, stating that they were unavailable for a deposition that day. The email requested that Reich forward deposition dates and that they would cooperate in scheduling. Reich emailed back requesting that Wheat forward available dates in May. Wheat responded by asking whether the rules require a scheduling conference prior to discovery and Reich responded by stating that if Wheat was referring to a Rule 26(f) conference, the conference took place some time ago between himself and Joseph Devall, also counsel for WOM.

Wheat then responded by stating that Devall indicated to him that the Rule 26(f) conference did not address all the requirements of Rule 26(f). Wheat then requested that if Reich wanted to schedule depositions, then Reich should advise him of dates and he would advise of whether the parties were available. Reich responded by stating that he disagreed with the characterization of the Rule 26(f) conference and noted that the parties had exchanged Rule 26(a) disclosures.

In this case, the parties do not dispute that counsel for the parties held some type of conference. Further, the Court notes that the parties do not dispute that initial disclosures have been served. Indeed, RAP's initial disclosures were attached to WOM's Motion to Dismiss. (*See* Rec. Doc. No. 10 at Ex. 15). Rule 26(a) requires that initial disclosures "must be made at or within 14 days after the Rule 26(f) conference." Fed. R. Civ. P. 26(a). Thus, under the Rules, initial disclosures are served during or after the Rule 26(f) conference.

The Court also notes that nowhere in the emails provided to the Court does WOM's counsel affirmatively state that the parties never held a Rule 26(f) conference and therefore discovery could not proceed. In fact, WOM's counsel continued to communicate with RAP's counsel about setting depositions. He never indicated a need to conduct another conference. Based on the fact that parties

served their initial disclosures and counsel for WOM actively sought deposition dates, the Court concludes that the parties conducted the required Rule 26(f) conference.

At the hearing on this matter, WOM contended that even though Joseph Devall was counsel of record in this matter, indeed he filed the answer, Devall was not authorized to participate in the Rule 26(f) conference. However, WOM failed to provide any evidentiary or legal support for this position. Thus, the Court rejects this argument.

### B. Motion to Dismiss

The Court now turns to WOM's contention that because there is a pending motion to dismiss, this Court should quash the subpoena. The Court "has broad discretion and inherent power to stay discovery" while a motion to dismiss is pending. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Further, the "Fifth Circuit has held that it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson, Louisiana v. Southern Recovery Management*, 96-Civ.A.-0230, 1996 WL 144400 (E.D. La. March 27, 1996) (citing *Petrus*, 833 F.2d at 583).

However, courts have cautioned that a stay of all discovery is not appropriate when it could prevent a party from "having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Parish of Jefferson*, at *2. The Court notes that in its pending motion to dismiss, WOM contends that the Court lacks subject matter jurisdiction because the amount in controversy is not met. During the hearing on this matter, RAP noted that under state law, the owner of the land has the right to all of the profits a trespasser earns while on the property. It contends that the deposition is needed in order to properly calculate the full extent of its damages for the alleged trespass. Thus, because information that will be ascertained during the deposition will help RAP

defend against the pending motion to dismiss, the Court concludes that quashing the deposition would not be proper.

**C. <u>Place of Deposition</u>**

WOM contends that its principal place of business is in Houston, Texas and thus any 30(b)(6) deposition should take place in Houston. RAP contends that because WOM maintains an office in Metairie, Louisiana, it is amenable to deposition in Louisiana.

The Court notes that it is well settled that a "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business . . . especially when, as in this case, the corporation is the defendant." *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979). This is based on the presumption that it is the plaintiff who brings the lawsuit and who exercises the first choice as to forum, and thus they cannot complain if they are forced to take discovery elsewhere. *Tailift USA, Inc. v. Tailift Co., Ltd.*, CIV.A.03-0196, 2004 WL 722244, (E.D. Tex. March 26, 2004). "Courts have determined that this presumption satisfies the Rule 26(c) requirement of good cause." *Id.*

In this case, the RAP's complaint specifically states that WOM has its registered office and principal place in business in Houston, Texas. This allegation was admitted in the answer. Thus, because WOM's principal place of business is in Houston, Texas, the deposition will take place in Houston, Texas.

**D. <u>Change of Date</u>**

During the hearing, RAP agreed to move the date of the deposition to June 5, 2007 to accommodate WOM. Counsel for WOM indicated that WOM was available for a corporate deposition that day. Then parties then agreed to have the deposition begin at 1:00 p.m.

**E.     The Scope of the Deposition**

The Court now turns to WOM's contention that certain of the topics in the deposition notice go "far beyond any issue of trespass on the disputed office space." However, WOM did not indicate to the Court any specific noticed topics as overbroad in its motion to quash or at the oral hearing. Without further argument in support of its contention, WOM has failed to provide sufficient good cause to modify or quash the notice deposition.

Accordingly,

**IT IS ORDERED** that the defendant's **Motion to Quash Deposition (doc. #14)** is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** to the extent that the deposition will take place in Houston, Texas, on June 5, 2007. It is **DENIED** to the extent that the defendant sought to quash the deposition in its entirety or modify the deposition topics.

New Orleans, Louisiana, this  1st  day of June, 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**