UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REICH, ALBUM & PLUNKETT, LLC                          CIVIL ACTION

VERSUS                                                NO. 06-10850

WHEAT, OPPERMANN & MEEKS, PC                          SECTION "T"(4)

## ORDER AND REASONS

This litigation arises out of issues related to the dissolution of the law firm of Reich, Meeks & Treadaway. Specifically, the matter concerns the rights of the Plaintiff and the Defendant to office space located at Two Lakeway Center, 3850 N. Causeway Boulevard, Suite 1000, Floor 10, Metairie, Louisiana. It has come to the Court's attention that the subject matter of this case is substantially similar to the subject matter of pending state court action entitled *Meeks v. Reich*, 633-434, Div. "L", Twenty-Fourth Judicial District, Parish of Jefferson. Accordingly, and for the reasons that follow, the Court exercises its discretion and abstains from this matter, staying this action pending the resolution of the state court proceeding.

**I.      BACKGROUND**

In June 2006, the members of the law firm of Reich, Meeks and Treadaway decided to dissolve the firm. The parties dispute who were "members" of the firm at the time the decision was made to dissolve. Plaintiff, the law firm of Reich, Album and Plunkett, LLC, hereinafter

RAP, contends that they each were individual members of Reich, Meeks and Treadaway and decided to expel Meeks and Treadaway.  On the other hand, Defendant Wheat, Opperman & Meeks, PC, hereinafter WOM, contends that there were three (3) members, namely Reich, Meeks and Treadaway, not five (5) and that these three (3) decided to dissolve the firm.  Ultimately, an action was filed by Meeks and Treadaway against Reich, Album and Plunkett in the Twenty-Fourth Judicial District Court, Parish of Jefferson.  That action initially requested the state court to declare: (1) the ownership of Reich, Meeks and Treadaway; (2) the members of Reich, Meeks and Treadaway; and the voting rights of the members of Reich, Meeks and Treadaway.  Exhibit "1" attached to Rec. Doc. 10.  Additionally, the state court action requested injunctive relief prohibiting, restraining, and enjoining Reich, Album and Plunkett from calling, attending or holding any meeting of Reich, Meeks and Treadaway or from performing any matters of any kind that may affect Reich, Meeks and Treadaway or its members.  *Id* at p. 5.

Mediation was conducted in the state court suit and a settlement was allegedly reached.  The existence of a settlement agreement is denied by RAP.  WOM contends that one of the terms of the settlement agreement designated that part of the office space occupied by Reich, Album and Plunkett, but formerly occupied by Reich Meeks and Treadaway, be turned over to Meeks and Treadaway for their use.  Meeks joined WOM and was not allowed to have employees of the new law firm occupy any portion of the former Reich, Meeks and Treadaway office space.  Shortly thereafter, Meeks and Treadaway filed a motion for injunctive relief, temporary restraining order, and a motion to enforce settlement in the state court suit seeking to enjoin Reich, Album and Plunkett from interfering with the employees of WOM using a portion of the

office space and to enforce the terms of the settlement agreement which, allegedly, allowed WOM to use a portion of the space.

WOM claims that the state court judge held a hearing on the TRO in October 2006 in chambers and ordered that the status quo regarding the use of the office space be maintained until the issue concerning allocation was resolved.  Further, WOM submits counsel for both parties reached an agreement which allowed employees of Meeks' new firm to be allowed access to a small portion of the office space until resolution of the issue.  RAP claims that there has been no state court restraining orders or preliminary injunctions issued and no settlement agreement reached.

The parties continued to dispute over the office space, among other things, and in December 2006, RAP filed the instant action against WOM alleging WOM's employees were conducting business in the disputed office space, moving about RAP's office space, interfering with RAP's business, using equipment, furniture and other property of RAP, and otherwise trespassing.  Rec. Doc. 1 at p. 2.  RAP maintains that they have never granted permission to WOM to occupy the office space, have never granted permission to WOM to use the furniture, fixtures or equipment, and WOM has never paid rent.  WOM counters that the settlement agreement entered into by the former members of Reich, Meeks and Treadaway provided that the furniture, fixtures, and equipment were to be equally divided and among Reich, Meeks and Treadaway and if they could not agree on the division, that the items were to be sold at auction. Defendant also submits that the state court judge ruled in January 2007 that the settlement was an enforceable settlement agreement and a separate a motion must be brought to determine if the

settlement terms had been breached. A motion to enforce the alleged settlement agreement was filed in state court and the hearing to enforce the terms of the settlement agreement was set, but continued. The record is unclear as to the status of the state court matter.

## II.     LAW AND ANALYSIS

Generally, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir.2002). However, a federal court may stay or dismiss a case in favor of a concurrent state court proceeding in extraordinary circumstances based on considerations of "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir.1999), quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1236, 47 L.Ed.2d 483 (1976).

*Colorado River* abstention is proper when state and federal court proceedings are "parallel" and extraordinary circumstances exist. *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700 (7th Cir.1992); *New Beckley Mining Corp. v. International Union, United Mine Workers of America*, 946 F.2d 1072, 1073 (4th Cir.1991), cert. denied, 503 U.S. 971, 112 S.Ct. 1587, 118 L.Ed.2d 306 (1992). "A suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Caminiti,* 962 F.2d at 700, quoting *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988). A pending state court action involving the same subject matter is not enough to find substantial similarity. *See Federated Rural Elec. Ins. Corp. v.*

*Arkansas Elec. Coops., Inc*., 48 F.3d 294, 297 (8th Cir.1995).  However, when the resolution of the issues in the state court would effectively dispose of all the claims raised in the federal case such a finding is sufficient to defeat a difference in parties in both cases.  *Caminiti*, 962 F.2d at 700.

RAP maintains that the state and federal actions are not "parallel" proceedings even though they involve the same or similar subject matter because they do not involve the exact same parties and issues.  Rec. Doc. 13 at pp. 11-12.  The Court disagrees.  Named as Defendants in the state court lawsuit are Reich, Plunkett and Album, the members of the Plaintiff law firm in this matter.  The Plaintiffs in the state court matter are S. Daniel Meeks and Randall E. Treadaway.  The fact that there are two law firms as parties to the instant matter and some of the individual members of those firms are parties to the state court matter is not enough to have this Court find that the proceedings in the two courts are not parallel, especially given that the factual predicate of the two suits are the same and because the resolution of the issues in the state court would effectively dispose of all the claims raised in the federal case.  Such a finding is sufficient to defeat a difference in actual parties in both cases.  *See Caminiti*, 962 F.2d at 700.

While the parties in the state case and the present case are admittedly different, this is not sufficient to defeat a finding of substantial similarity.  Two actions may involve different parties and still be parallel so long as there is a substantial similarity.  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Caminiti,* 962 F.2d at 700 (finding that the difference in the parties in the federal and state cases is insufficient to destroy the parallel nature of the two proceedings where the proceedings are substantially similar).

RAP has submitted that there is no substantial similarity because the issues in the two cases are not identical. Exact parallelism, however, is not required. *See Republicbank Dallas, Nat'l Assoc. V. McIntosh*, 828 F.2d 1120 (5th Cir.1987) (acknowledging that there need not be applied in every instance a mincing insistence on precise identity of [parties and issues] ); *See also Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir.1998); *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir.1992) (citing *New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir.1991), cert. denied, 503 U.S. 971 (1992)); *Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir.1984).

After reviewing and comparing the pleadings filed in the Twenty-Fourth Judicial District Court, Parish of Jefferson and those filed in this Court, as well as other information being made available to the Court, the undersigned finds that both the state and federal court lawsuits are based upon the same factual predicate and are substantially similar and that same issues being litigated in this action are related to the office space are being litigated in state court. Here, both the federal and state action involve substantially the same parties and substantially the same issues. Further, the dispute in the federal lawsuit would effectively be resolved by the disposition of the sate court lawsuit. Therefore, the two cases are "parallel" for purposes of the *Colorado River* abstention doctrine.

The court next determines whether "exceptional circumstances" warrant staying or dismissing this litigation in favor of the pending state court proceeding. The Supreme Court has identified several factors relevant to this determination: (1) the assumption by either court of jurisdiction over a *res*; (2) the relative inconvenience of the forums; (3) the avoidance of

piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Murphy,* 168 F.3d at 738.  No single factor is determinative. *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1264 (5th Cir.1994).

Here, both courts are located in the New Orleans area within ten (10) miles of each other making the issue of convenience irrelevant. *Primerica Life Insurance Co. v. Twyman*, 2002 WL 83750 at 3 (N.D.Tex. Jan.14, 2002) (Kaplan, M.J.).  Both matters involve disputes over the Metairie office space, i.e. the "res." The Twenty-Fourth Judicial District Court has clearly assumed jurisdiction of the dispute governing the office space evidenced by that court's instructions to the parties to maintain the status quo until the matter could be resolved. Additionally, the state court's decision on the currently pending Motion to Enforce Settlement will resolve the issue of the whether WOM trespassed or whether they where merely abiding by the terms of the settlement agreement.  Thus, the avoidance of piecemeal litigation strongly weighs in favor of abstention.

Finally, the order in which jurisdiction was obtained by the concurrent forums also strongly supports abstention.  The substantial difference in the progress of the state and federal actions weighs heavily in favor of abstention. *See Bates v. Van Buren Township,* 122 Fed. Appx.

7

803, 807-08 (6th Cir.2004) (a substantial difference in the relative advancement of the state and federal proceedings justifies abstention). The state court obtained jurisdiction over many issues related to the break up of the Reich, Meeks and Treadaway law firm in July 2006, including the issue of the rights and obligations to the office space. RAP's state trespass action was filed in this Court based upon diversity jurisdiction in December 2006. In the state court proceedings, there has been a ten (10) hour mediation; a hearing or at least a status conference regarding preliminary motions, and other happenings that took place as recent as September 2007. By contrast, the instant case has been pending for ten (10) months and while there has been a heavy discovery motion practice, the district court has not ruled nor has any party filed, any motions regarding to substantive issues. Finally, the trespass action could be brought in the state court proceeding as it is a state cause of action.

After carefully balancing the relevant factors, the court determines that "exceptional circumstances" warrant dismissing this litigation without prejudice in favor of the pending state court proceeding. The disposition of the Motion to Enforce Settlement may well influence and inform this Court on its decision regarding the trespass claims asserted by the RAP in this litigation. It simply makes no sense to proceed with the federal action until the office space issue, which is common to both cases, is resolved by the state court. Having this Court look at the issue now, would waste the time and resources of the courts, attorneys, and litigants and

leaves the large chance that inconsistent judgments will be rendered by different courts on the same issues pending in both cases. Accordingly, this action is stayed pending the final resolution of the state court proceeding.[1]

Accordingly,

**IT IS ORDERED** that the Court exercises its inherent power to abstain from the instant matter and **STAYS** this action while the state court action is pending.

**IT IS FURTHER ORDERED** that once the state court proceedings are concluded, either party may bring a Motion to lift the stay in these proceedings.

New Orleans, Louisiana this 9th day of October, 2007.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**

---

[1] Even if abstention is not warranted under the *Colorado River* doctrine, a federal court has the inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran),* 710 F.2d 199, 203 (5th Cir.1983), quoting *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). The Fifth Circuit has specifically recognized this inherent even when other standards for abstention are not strictly met. *Id; PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 679-82 (5th Cir.1973).